IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** | : | CIVIL ACTION NO. 1:15-CV-197 |
| | : | |
| | : | (Chief Judge Conner) |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **ELIZABETH H. FEATHER, ESQUIRE, ADMINISTRATRIX OF THE ESTATE OF BRYANT A. WHITE** | : | |
| | : | |
| **Defendant** | : | |
| | : | |
| **CHEYENNE HEGE and WILLIAM J. HESS,** | : | |
| | : | |
| Intervening Defendants | : | |

## **MEMORANDUM**

Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") commenced this insurance coverage dispute against defendant Elizabeth H. Feather ("Feather"), administratrix of the estate of Bryant A. White ("White"). (Doc. 1). State Farm seeks a declaratory judgment that it has no duty to defend or indemnify White in two underlying civil actions. (See id.). Before the court is State Farm's motion (Doc. 35) for summary judgment pursuant to Federal Rule of Civil Procedure 56. FED. R. CIV. P. 56. The court will deny State Farm's motion.

I.   **Factual Background & Procedural History**[1]

State Farm seeks to resolve a dispute regarding an automobile insurance policy issued to Lisa Gracey ("Gracey"). (Doc. 38 ¶ 1; Doc. 39 ¶ 1; Doc. 44 ¶ 1; Doc. 46 ¶ 1). Gracey has one daughter, Morgen Sheffield ("Sheffield"). (Doc. 38 ¶¶ 3-4; Doc. 39 ¶¶ 3-4; Doc. 44 ¶¶ 3-4; Doc. 46 ¶¶ 3-4). On May 10, 2012, Gracey and Sheffield co-signed a loan for an automobile. (Doc. 38 ¶ 24; Doc. 39 ¶ 24; Doc. 44 ¶ 24; Doc. 46 ¶ 24). The vehicle was registered in Gracey's name, but purchased for Sheffield's use. (Doc. 38 ¶ 25; Doc. 39 ¶ 25; Doc. 44 ¶ 25; Doc. 46 ¶ 25). Sheffield made all loan and insurance payments for the vehicle. (Doc. 39 ¶ 25; Doc. 44 ¶¶ 10, 25; Doc. 46 ¶¶ 10, 25; Sheffield Dep. 9:1-23).[2] The insurance policy at issue provided coverage to an "insured" defined as, *inter alia*, any person using the vehicle within the scope of Gracey's consent. (Doc. 38 ¶ 7; Doc. 39 ¶ 7; Doc. 44 ¶ 7; Doc. 46 ¶ 7; see Doc. 37-3).

---

[1] Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. Id. Unless otherwise noted, the factual background herein derives from the parties' Rule 56.1 statements of material facts. (See Docs. 38, 39, 44, 46). To the extent the parties' statements are undisputed or supported by uncontroverted record evidence, the court cites directly to the statements of material facts.

[2] Partial transcripts of Sheffield's deposition are filed by the parties at numerous, separate docket entries. Unless otherwise noted, the court will cite to this deposition *passim* as "Sheffield Dep." without docket entry citations. The court employs this citation convention for all deposition transcripts throughout this memorandum.

At the time of purchase, Gracey instructed Sheffield that no one was allowed to drive the vehicle besides Sheffield.³ (Doc. 38 ¶¶ 26, 28; Doc. 39 ¶¶ 26, 28; Gracey Dep. 30:16-19). Gracey reiterated this instruction to Sheffield and several of her friends, including White, on multiple occasions. (Doc. 38 ¶¶ 27, 29, 35-37; Doc. 39 ¶¶ 27, 35-37; Doc. 44 ¶¶ 35-37; Doc. 46 ¶¶ 35-37; Sheffield Dep. 19:18-22). Gracey again repeated the restriction in early summer 2012 after learning that White had driven the vehicle into a sand mound. (Doc. 38 ¶¶ 27, 31-37; Doc. 39 ¶¶ 27, 31-37; Doc. 44 ¶¶ 31-37; Doc. 46 ¶¶ 31-37; Gracey Dep. 11:11-12:25, 42:3-43:20; Joshua Hess Dep. 13:15-15:25).

On July 10, 2012, White crashed the vehicle into a tree. (Doc. 38 at ¶¶ 10, 19; Doc. 39 ¶¶ 10, 19; Doc. 44 ¶¶ 10, 19; Doc. 46 ¶¶ 10, 19). Intervening defendants Cheyenne Hege ("Hege") and William Hess ("Hess") were passengers in the vehicle, as was Gracey's son, Cody Gracey. (Doc. 38 at ¶ 12; Doc. 39 ¶ 12; Doc. 44 ¶ 12; Doc. 46 ¶ 12). White and Cody Gracey died as a result of injuries sustained in the accident, and Hege and Hess allege that they were grievously injured. (Doc. 38 ¶¶ 13, 16; Doc. 39 ¶¶ 13, 16; Doc. 44 ¶¶ 13, 16; Doc. 46 ¶¶ 13, 16). Hege and Hess commenced actions against, *inter alia*, Feather and Gracey in Pennsylvania state court on July 3, 2014 and July 8, 2014 respectively. (Doc. 1-4 at 3, 5; Doc. 38 ¶¶ 17-18; Doc. 39 ¶¶ 17-18; Doc. 44 ¶¶ 17-18; Doc. 46 ¶¶ 17-18; see Docs. 38-4, 38-5).

---

³ Feather, Hege, and Hess object *passim* to both Gracey's and Sheffield's deposition testimony on the grounds that it should be barred under Pennsylvania's Dead Man's Act. 42 PA. STAT. AND CONS. STAT. ANN. § 5930. The court considers these objections waived because Feather withdrew her motion *in limine* concerning the Act. (Doc. 64).

State Farm filed the instant action for declaratory judgment on January 27, 2015. (Doc. 1). In its complaint, State Farm seeks a determination that Gracey's policy did not cover White at the time of the accident and that State Farm maintains no duty to defend or indemnify White's estate in the state court lawsuits. (Id. at 5-6). Hege and Hess moved to intervene as defendants on May 4, 2015 and May 6, 2015 respectively, and the court granted their motions. (Docs. 8-10, 12). State Farm filed its motion (Doc. 35) for summary judgment on July 11, 2016. The motion is fully briefed (Docs. 37, 40, 43, 47, 49, 50) and ripe for disposition.

## II. Legal Standard

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact" and for which a jury trial would be an empty and unnecessary formality. FED. R. CIV. P. 56(a). The burden of proof tasks the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986). Only if this threshold is met may the cause of action proceed. See Pappas, 331 F. Supp. 2d at 315.

## III. Discussion

State Farm argues that White did not have Gracey's permission to drive the vehicle and Gracey's insurance policy therefore does not cover White. (Doc. 37 at

4

10-16). Feather, Hege, and Hess rejoin that White had Sheffield's permission, and consequently Gracey's implied permission, to drive the vehicle. (Doc. 40 at 10-12; Doc. 43 at 8-12; Doc. 47 at 8-15). State Farm's declaratory judgment claim thus rises and falls on a narrow inquiry: whether White was a permissive user of the vehicle.

Gracey's automobile insurance policy contains an omnibus clause, which extends coverage to anyone using the vehicle with Gracey's permission. (Doc. 37-3 at 7). Stated differently, any user of the vehicle may be covered by the policy if Gracey consented to such use. (Id.); see State Farm Mut. Ins. Co. v. Judge, 592 A.2d 712, 714-15 (Pa. Super. Ct. 1991); Fed. Kemper Ins. Co. v. Neary, 530 A.2d 929, 931 (Pa. Super. Ct. 1987). Consent may be express or implied. Adamski v. Miller, 681 A.2d 171, 174 (Pa. 1996) (quoting Brower v. Emp'rs' Liab. Assurance Co., 177 A. 826, 828 (Pa. 1935)). It is undisputed that Gracey never gave White express permission to drive the vehicle. (See Doc. 38 ¶¶ 26, 28; Doc. 39 ¶¶ 26, 28; Gracey Dep. 30:16-19).

Implied consent, *per contra*, arises from the parties' course of conduct. Motorists Mut. Ins. Cos. v. Great Lakes Labs., Inc., 687 F. Supp. 198, 200 (W.D. Pa. 1988) (citing Fed. Kemper Ins., 520 A.3d at 931). The Pennsylvania Superior Court has defined the implied consent test as follows:

> "[T]he critical question will always be whether the named insured said or did something that warranted the belief that the ensuing use was with his consent. There must be 'a connection made' with the named insured's own conduct; proof of 'acts, circumstances, and facts, such as the continued use of the car,' will be insufficient 'unless they attach themselves in some way to the acts' of the named insured."

Belas v. Melanovich, 371 A.2d 478, 483 (Pa. Super. Ct. 1977) (quoting Beatty v. Hoff, 114 A.2d 173, 174 (Pa. 1955)); see Allstate Ins. Co. v. Davis, 977 F. Supp. 705, 709

(E.D. Pa. 1997); Judge, 592 A.2d at 714-15. Implied consent cannot arise from possession or use of a vehicle without the named insured's knowledge. Nationwide Mut. Ins. Co. v. Cummings, 652 A.2d 1338, 1344 (Pa. Super. Ct. 1994) (quoting Judge, 592 A.2d at 714; Fed. Kemper Ins., 530 A.2d at 931).

A court applying an omnibus clause must also examine the scope of consent. In certain circumstances, the initial permission may be so broad as to authorize the first permissive user to extend consent to another party. See Allstate Ins., 977 F. Supp. at 709; Belas, 371 A.2d at 480. Whether the initial consent is so broad as to encompass second-degree users is a question reserved to the trier of fact. See Nat'l Grange Mut. Liab. Co. v. Metroka, 250 F.2d 933, 934 (3d Cir. 1958); see also Belas, 371 A.2d at 481.

State Farm has failed to establish its entitlement to summary judgment. The record reflects that Gracey, the registered owner of the vehicle, placed a restriction on Sheffield's use of the insured vehicle, limiting said use exclusively to Sheffield. (See Gracey Dep. 10:2-19, 30:16-19). All parties generally considered the vehicle as Sheffield's own, however, as Sheffield made all loan and insurance payments for the vehicle. (See Gracey Dep. 10:2-19; Sheffield Dep. 9:1-23, 71:23-72:1). There is no

binding precedent directly on point with the matter *sub judice*.[4] As such, a jury must weigh the course of conduct between Gracey, Sheffield, and White to determine whether Gracey's grant of permission to Sheffield was broad enough to authorize Sheffield to grant permission to White. See Metroka, 250 F.2d at 934; see also Allstate Ins., 977 F. Supp. at 709 (citing Belas, 372 A.2d at 480). Material disputes also exist as to whether White had Sheffield's express or implied permission to use the vehicle on the evening of the fatal crash. (See Sheffield Dep. 23:10-25:24, 70:2-71:22; Joshua Hess Dep. 16:17-17:11). Summary judgment is inappropriate for this conflicted factual inquiry.

IV.   **Conclusion**

The court will deny State Farm's motion (Doc. 35) for summary judgment. An appropriate order shall issue.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:   April 26, 2017

---

[4] Feather, Hege, and Hess rely upon Travelers Ins. Co. v. Harleysville Ins. Co., 3 Pa. D. & C.3d 414, 417-19 (Pa. Ct. Com. Pl. 1977), to support their argument that Gracey's broad permission to Sheffield allowed Sheffield to grant White permission to use the vehicle. (Doc. 40 at 10-11; Doc. 43 at 8-10; Doc. 47 at 8-10). In Travelers, a father gifted his son a vehicle and did not enforce any restriction he placed upon his son's use of the vehicle. Travelers, 3 Pa. D & C.3d at 417-18. The court notes that Gracey reiterated her restriction upon learning that it had not been followed, distinguishing the dispute *sub judice* from Travelers. See Motorists Mut. Ins., 687 F. Supp. at 200-01; (Sheffield Dep. 19:18-22).